UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LYNETTE CHARPENTIER

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 09-1034-RET-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 11, 2011.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYNETTE CHARPENTIER

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 09-1034-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Lynette Charpentier brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's (Commissioner) decision denying her claim for supplemental security income (SSI) benefits.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).[1]  If substantial

---

[1] It is well-established that in cases brought under § 405(g), evidence outside of the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985).

evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v.* Bowen, 809 F.2d 1054, 1057 (5th Cir. 1981); Western *v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment(s), (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, *supra*. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background**

Plaintiff Lynette Charpentier was 51 years of age at the time of the final administrative decision denying her application for benefits.[2] AR pp. 22, 60, 67. Plaintiff completed school through the eighth grade.[3] Plaintiff had worked sporadically and for brief periods of time as a convenience store cashier, fast food cook, pizza delivery driver and janitor. AR pp. 22-23, 72-75.

In her application for SSI benefits filed in July 2007 the plaintiff alleged November 13, 2006 as the onset of her disability. AR pp. 60-67.[4] Plaintiff stated that she was unable to perform substantial gainful activity because of multi-level bulging cervical discs with associated pain and depression. AR pp. 23-25, 27-29, 71.

Plaintiff's application was denied and the plaintiff requested a hearing before an administrative law judge (ALJ). AR pp. 32-41. A hearing was held on December 18, 2008 and the ALJ issued an unfavorable decision on January 23, 2009. AR pp. 10-31. At step two of the disability analysis, the ALJ found that the plaintiff had the following severe impairments: degenerative disc disease of

---

[2] Under the regulations the plaintiff's age placed her in the category of "closely approaching advanced age." 20 C.F.R. § 416.963(d).

[3] Under the regulations the plaintiff's educational level was "limited." 20 C.F.R. § 416.964(b)(3).

[4] Plaintiff had filed a previous application for benefits that was denied in January 2005. AR p. 68.

the cervical and lumbar spines, hypertension and depression. AR p. 12. The ALJ concluded that this combination of severe impairments left the plaintiff with a residual functional capacity for light work that did not require constant interaction with the general public. AR p. 13.[5]

Because of the plaintiff's limited, sporadic work history the ALJ concluded that the plaintiff had no past relevant work. The ALJ then proceeded to the final step of the sequential analysis to determine whether jobs existed in significant numbers in the national economy that the plaintiff could perform given her age, education, work experience and residual functional capacity.[6]

At the fifth step the ALJ did not obtain or rely on vocational expert testimony. The ALJ cited and relied on Medical-Vocational Rules 202.17 and 202.10,[7] stating that these rules would result in a finding that the plaintiff was not disabled whether they were used directly or as a framework for the decision. The ALJ

---

[5] At step three the ALJ found that the plaintiff's impairments did not meet or medically equal a listed impairment. The residual functional capacity determination is necessary to proceed to steps four and five of the disability analysis. AR p. 12.
"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

[6] 20 C.F.R. § 416.920(a)(4)(v)(definition of fifth step of the disability analysis); 20 C.F.R. § 416.966 (definition of work which exists in the national economy).

[7] 20 C.F.R. Ch.III, Pt. 404, Subpt. P, App.2, Table No. 2.

explained his fifth step finding as follows:

> If the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.17 and Rule 202.10. However, the additional limitations have little or no effect on the occupational base of unskilled light work. A finding of "not disabled" is therefore appropriate under the framework of these rules. AR p. 15.

The Appeals Council considered the plaintiff's request for review and denied the request, affirming the ALJ's decision on October 14, 2009. AR pp. 1-3. Plaintiff then filed this petition for judicial review challenging the final decision of the Commissioner that she is not disabled.

## **Analysis**

Plaintiff asserted that the ALJ's decision contains legal errors and is not based on substantial evidence. Plaintiff's specific claims of error are as follows: (1) because the plaintiff had a combination of exertional and nonexertional impairments, the ALJ erred at the fifth step by relying on the Medical-Vocational Guidelines and failing to obtain evidence from a vocational expert; (2) the ALJ erred by failing to consider the effects of medication in evaluating the plaintiff's residual functional capacity; (3) the ALJ's finding that the plaintiff's statements were not entirely credible was not supported by substantial evidence; and, (4) under *Watson v. Barnhart*,[8] the ALJ failed to consider whether the

---

[8] 288 F.3d 211 (5th Cir. 2002).

plaintiff could both obtain and maintain employment. The Commissioner opposed each of these claims of error, and argued that the ALJ applied the correct legal standards and his findings are supported by substantial evidence.

Review of the administrative record as a whole demonstrates that the plaintiff's arguments have merit. The ALJ's decision contains errors that require remand for reevaluation of the plaintiff's claim for SSI benefits.

**ALJ's Use of the Medical-Vocational Rules[9]**

Plaintiff's primary argument is that the ALJ erred at the fifth step, because he relied on the Medical-Vocational Rules and failed to obtain vocational expert testimony. Given the relevant legal principles this claim of error has merit.

Considering the claimant's age, education, work experience and residual functional capacity, at the fifth step the Commissioner has the burden of establishing that there is other work the claimant can perform which exists in significant numbers in the national economy.[10] Regarding use of the Medical-Vocational Rules at this final step of the sequential evaluation, different legal principles apply depending on the nature of the claimant's

---

[9] Plaintiff referred to these Medical-Vocational Rules as "the grid," and the Commissioner referred to them as the "Grid Rules." The Medical-Vocational Rules are part of the broader Medical-Vocation Guidelines. Plaintiff's arguments focus on the ALJ's reliance on two specific Medical-Vocational Rules. To avoid confusion, this report will use the term Medical-Vocational Rules when referring to the two rules at issue in this case.

[10] 20 C.F.R. §§ 416.920(g) and 416.966.

7

impairments - whether they are solely exertional, solely nonexertional or a combination of both.

It is well-established that when the claimant suffers only from exertional impairments or his nonexertional impairments do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Medical-Vocational Rules in determining whether there is other work available that the claimant can perform. But if the claimant suffers from nonexertional impairments or a combination of exertional and nonexertional impairments, then the Commissioner must rely on a vocational expert to establish that other jobs exist in the national economy. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000).

In this case the ALJ found that the plaintiff had both severe physical and mental impairments. AR p. 12. Therefore, his residual functional capacity finding reflected both exertional and nonexertional limitations.[11] He concluded that the plaintiff was limited to light work (an exertional limitation), but because of her depression she was limited to light work that did not require constant interaction with the general public (a nonexertional

---

[11] The record contained uncontradicted medical evidence that the plaintiff had severe degenerative disc disease and was treated for depression. See, AR pp. 87-91, 93-95 (MRI of the cervical spine 9/6/06); 108-13, 118-25, 132-36, 222-30, 233-36 (MRI of the cervical and lumbar spines, 6/12/08 and 5/14/08), 239-44.

8

limitation).¹² The ALJ essentially determined that the specific Medical-Vocational Rules resulted in a finding that the plaintiff was not disabled whether they were applied directly or as a framework for the decision. Therefore, the ALJ did not rely on a vocational expert, but instead relied exclusively on the Medical-Vocational Rules. AR pp. 14-15. The Commissioner's argument that this was not error is unpersuasive.

The Commissioner argued that the ALJ correctly employed the rules only after finding that the plaintiff's nonexertional limitations did not significantly reduce her residual functional capacity. However, the ALJ's decision in fact shows he found that the plaintiff's nonexertional impairment - depression - significantly affected her residual functional capacity. This is reflected in the ALJ's finding that the plaintiff could only perform light work that did not require constant interaction with the general public.¹³ AR p. 13. Under the jurisprudence and regulations, this combination of exertional and nonexertional impairments and resulting residual functional capacity, allowed the use of the Medical-Vocational Rules only as a framework and

---

¹² 20 C.F.R. § 416.969a (definition of exertional and nonexertional limitations).

¹³ A finding that a claimant's nonexertional impairments in combination with exertional impairments are "severe", means by definition of that term, that the nonexertional impairments significantly limit the claimant's ability to do basic work activities. *See*, *Loza v. Apfel*, 219 F.3d 378, 398-99 (5th Cir. 2000); *Hearne v. Barnhart*, 111 Fed.Appx. 256 (2004); *Allsbury v. Barnhart*, 460 F.Supp.2d 717, 726 (E.D.Tex. 2006).

required the ALJ to obtain vocational evidence to support his finding at the fifth step. *Newton*, *supra;* 20 C.F.R. §416.969a(d).

The Commissioner also attempted to rely on Social Security Ruling 85-15 to support the argument that the ALJ was not required to rely on vocational evidence.[14] This argument is also unpersuasive. First, this Social Security Ruling addresses use of the Medical-Vocational Rules as a framework for evaluating solely nonexertional impairments. Plaintiff here has a combination of exertional and nonexertional impairments. Second, the portions of the ruling cited by the Commissioner are general statements about the nature of unskilled work.[15] Social Security Ruling 85-15 does not support using these general statements to affirm the ALJ's finding at the fifth step.[16]

In summary, the ALJ's findings regarding the plaintiff's severe impairments and residual functional capacity required vocational expert testimony at the fifth step, but the ALJ did not obtain it. Therefore, the ALJ did not apply the correct legal

---

[14] "TITLES II AND XVI: CAPABILITY TO DO OTHER WORK-THE MEDICAL-VOCATIONAL RULES AS A FRAMEWORK FOR EVALUATING SOLELY NONEXERTIONAL IMPAIRMENTS", 1985 WL 56857 (S.S.A. 1985).

[15] The Commissioner relied on the following two statements from SSR 85-15: (1) "unskilled jobs ... ordinarily involve dealing primarily with objects, rather than with data or people," and (2) "basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."

[16] The Commissioner did not cite any Fifth Circuit decision or other persuasive case law to support his argument.

standard at the fifth and final step of the disability analysis, and his conclusion that the plaintiff is not disabled is not supported by substantial evidence.

**ALJ's Residual Functional Capacity Finding**

The administrative record as a whole also lacks substantial evidence to support the ALJ's conclusion that the plaintiff had an exertional capacity for light work. The record does not contain a residual functional capacity assessment, or any other statement/report from an acceptable medical source which describes the effects of the plaintiff's impairments on her ability to engage in the physical demands of work - the ability to sit, stand, walk, lift, carry, push, pull, and perform manipulative and postural functions such as reaching, handling, stooping, or crouching.[17]

However, the absence of a medical source statement describing the types of work that the claimant is still capable of performing is not per se error. The court's inquiry must focus on whether substantial evidence underlies the ALJ's decision.[18] In this case not only is a medical source statement lacking, other than the plaintiff's testimony there is a complete absence of any evidence in the record describing the effects of the plaintiff's impairments on her ability to do basic work-related activities. In these circumstances there is no substantial evidence to support the ALJ's

---

[17] 20 C.F.R. § 416.945(a) and (b)(residual functional capacity assessment); 20 C.F.R. § 416.913 (medical and other evidence of your impairments).

[18] *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

11

residual functional capacity finding.[19]

## Conclusion

The errors discussed above require reversal of the final administrative decision denying the plaintiff's claim for SSI benefits. Remand is necessary for the Commissioner to obtain the statements, opinions, reports and other evidence necessary to establish the effects of the plaintiff's impairments on her ability to perform work-related activities, and to obtain vocational and other evidence needed to reevaluate the plaintiff's claim under the applicable legal standards.[20]

## Recommendation

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of Michael J. Astrue, Commissioner of Social Security, denying the plaintiff's application for supplemental security income (SSI) benefits be reversed, and this matter remanded to the Commissioner to conduct any administrative proceedings necessary to complete the record,

---

[19] *Id.* In *Ripley* the Fifth Circuit found that substantial evidence was lacking where there was: (1) no medical source statement; (2) the medical evidence established that the claimant had back problems, but included no evidence regarding the effect of the impairments on the claimant's ability to work, and (3) the only evidence in the record regarding ability to work came from the claimant's own testimony.

[20] Since these errors require remand for reevaluation of the plaintiff's claim and issuance of a new decision, it unnecessary to address the plaintiff's remaining arguments in support of her appeal. On remand to the Commissioner the plaintiff may urge her other claims of error.

reevaluate the plaintiff's claim in accordance with the applicable legal standards and issue a new decision.

Baton Rouge, Louisiana, March 11, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE